IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LATOYA S. MOORE                                                        PLAINTIFF

v.                       Civil No. 06-2166

PAUL SMITH, Detective, Fort
Smith Police Department; JUDGE
JAMES MARSCHEWSKI;
STEPHEN TABOR, Prosecuting
Attorney; and the FORT SMITH
POLICE DEPARTMENT                                      DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

The plaintiff filed this civil rights lawsuit pursuant to the provisions of 42 U.S.C. § 1983 on September 18, 2006. She proceeds pro se and *in forma pauperis.*

On October 26, 2006, the court entered an order (Doc. 5) directing the plaintiff to complete, sign, and return a questionnaire that would be filed as an addendum to her complaint. The questionnaire was mailed to the plaintiff at the Sebastian County Detention Center. Plaintiff was incarcerated there when she filed this lawsuit.

On October 30, 2006, the court's order and attached questionnaire, the court's order granting her application to proceed *in forma pauperis*, and the order assessing the filing fee, were returned as undeliverable. The envelop contained a notation that Moore was no longer at the Sebastian County Detention Center. When Moore was booked in, she provided officials at the detention center with a home address. The court entered a change of address on the plaintiff's behalf (Doc. 7). All mail sent to the plaintiff at both the detention center and the home address she provided to the detention center when booked in has been returned as undeliverable.

Plaintiff has not communicated with the court since her complaint was filed. She has not responded to the court order (Doc. 5). She has not kept the court informed of her current address.

I therefore recommend Moore's claims be dismissed on the grounds she has failed to prosecute this action and comply with the order of the court. *See* Fed. R. Civ. P. 41(b). **Moore has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Moore is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of November 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE